

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY MANNOIA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 05 C 3274<br>) |
| DETECTIVE DAVID GREGORY FARROW, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant David Gregory Farrow's ("Farrow") motion to dismiss. For the reasons stated below, we deny the motion to dismiss.

## BACKGROUND

Plaintiff Jeffrey Mannoia ("Mannoia") alleges that he became estranged from his wife and that thereafter the couple's children were in Mannoia's physical custody at times and in his wife's physical custody at times. Mannoia contends that his wife has a history of psychiatric problems and has been previously hospitalized for such problems. Mannoia alleges that in April 2004, the Kenosha County Child Welfare

1

Services caused his children to be removed from his wife's custody when they were found walking to a friend's house at night and their mother's whereabouts were unknown. According to Mannoia, after the County's involvement in the matter, the children were placed in Mannoia's custody in Maui, Hawaii. Mannoia claims that he subsequently returned to Illinois and enrolled the children in school in Gurnee, Illinois. Mannoia further alleges that in February 2004, his wife took the children for a weekend visit and refused to return them. His wife also at that time obtained a Wisconsin state court order requiring Mannoia to provide support to his wife. Mannoia claims that no custody proceedings were brought at that juncture and that there was not any order adjudicating the custody of the children.

Mannoia alleges that the children remain with his wife and that on February 26, 2005, his wife brought the children to Mannoia for a pre-arranged visit. Mannoia claims that he was concerned for the children's safety while they were being cared for by his wife, and Mannoia, after consulting with an attorney, returned to Hawaii with the children. His wife thereafter filed a complaint with the Village of Gurnee Department of Police. Mannoia contends that Farrow, who is a detective for the department, spoke by telephone with the Kenosha County Circuit Clerk's Office Family Division. According to Mannoia, Farrow learned that although a support order had been issued against Mannoia, he was still married to his wife and the order did not address child custody issues. Farrow then allegedly appeared before an Illinois state court and told the judge that there was a valid Wisconsin state court

order granting physical custody of the children to Mannoia's wife. Mannoia specifically alleges in his complaint that Farrow intentionally lied to the state court judge, knowing that no such order existed and that Farrow withheld the substance of Farrow's conversation with the Circuit Clerks's Office Family Division.

An Illinois state court issued a warrant for Mannoia's arrest based on the court's conclusion that Mannoia had "intentionally violated the terms of a valid court order granting custody to Christine Mannoia by removing the child "A" (and "B") from the jurisdiction of the court." (Order 1). Mannoia was then allegedly arrested at his Hawaii residence in front of his children. Mannoia also claims that the children were not allowed to remain at their grandparents' home in Hawaii and were placed in foster care in Hawaii at his wife's insistence. According to Mannoia, the charges against him were eventually *nolle prossed* and the case was dismissed. Mannoia has brought the instant action solely against Farrow, and his complaint includes a claim alleging that his constitutional rights were violated, seeking relief pursuant to 42 U.S.C. § 1983 ("Section 1983"). Mannoia also has brought common law false arrest and malicious prosecution claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the

plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with

at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

Farrow presents one argument as a basis for the dismissal of the claims against him. Farrow claims that he is absolutely immune for the testimony that he provided to the Illinois state court judge when the judge decided to issue the arrest warrant for Mannoia. Farrow correctly points out that "witnesses, including police officers testifying for the prosecution in a criminal trial, have absolute immunity from a damages suit based on their testimony." *Gauger v. Hendle*, 349 F.3d 354, 358 (7th Cir. 2003). However, the pertinent issue in the instant action is not concerning testimony provided by Farrow at trial. The Seventh Circuit has specifically explained that an officer seeking an arrest warrant "enjoys not absolute but qualified immunity with respect to his actions in the application of the warrant." *Neiman v. Keane*, 232 F.3d 577, 579-80 (7th Cir. 2000). Under the standard of such qualified immunity, "an officer is not immune from suit for procuring a warrant 'if a reasonably well-trained officer in the position of the defendant would have known that the action lacks probable cause and that he should not have applied for the

5

warrant.'" *Id.* (quoting *Simmons v. Pryor,* 26 F.3d 650, 653 (7th Cir.1993))(stating that "the officer procuring the warrant is immune from a suit for damages unless it can be shown that the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable").

Farrow is thus incorrect in his assertion that he enjoys absolute immunity in regard to his efforts to obtain an arrest warrant for Mannoia. We cannot even find at this juncture that Farrow is entitled to qualified immunity from suit at this juncture based upon the allegations in the complaint. As indicated above, for the purposes of the instant motion to dismiss, we are required to accept as true the allegations in the complaint. *Thompson,* 300 F.3d at 753. Mannoia specifically alleges in the complaint that Farrow knew that there was no custody order awarding custody to Mannoia's wife and that Farrow "lied" to the state court judge. (Compl. Par. 1, 15). While we are not finding such allegations to be true, we are required to treat the allegations as true for the purposes of the instant motion. If Farrow had purposefully lied to the Illinois state court judge in order to obtain a warrant, Farrow would not be entitled to qualified immunity. Therefore, we deny Farrow's motion to dismiss.

The Seventh Circuit has directed district courts that "[t]he issue of qualified immunity is to be resolved at the earliest stages of litigation" *Kiddy-Brown v. Blagojevich,* 408 F.3d 346, 352 (7th Cir. 2005). Based upon the specific facts in the instant action, we conclude that it would not be an efficient use of the parties' resources, or the court's, to allow a broad-based discovery and the filing of

6

dispositive motions in the instant action before resolving the issue of qualified immunity. The facts surrounding the potential immunity of Farrow are straightforward and can be dealt with efficiently and effectively. Therefore, we conclude that it is appropriate to resolve the qualified immunity issue in an expedited fashion and to limit other discovery. *See Jacobs v. City of Chicago*, 215 F.3d 758, 765 (7th Cir. 2000)(explaining that the qualified immunity issue should be resolved quickly in order to relieve an officer of time and expense needed to defend a claim).

Farrow is given until October 31, 2005, to file an answer to the complaint and assert all affirmative defenses. If Farrow asserts qualified immunity as an affirmative defense, discovery will be allowed in the instant action for the limited purpose of addressing the qualified immunity issue. All such discovery must be completed by November 18, 2005. Also, if Farrow asserts qualified immunity in his answer and discovery is conducted, any dispositive motions concerning qualified immunity will be due on December 1, 2005. The answers will be due on December 15, 2005, and the replies will be due on December 22, 2005. The status date set for November 22, 2005 is stricken and reset to January 17, 2006, at 9:00 a.m.

## CONCLUSION

Based on the foregoing analysis, we deny Mannoia's motion to dismiss and set certain discovery deadlines consistent with the above analysis.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 13, 2005